[No. 13682.    In Bank.— July 2, 1891.]

90  157
93  498

H. BARNHART, APPELLANT, v. A. S. FULKERTH ET
AL., RESPONDENTS.

REPLEVIN — PLEADING — ANSWER — JUSTIFICATION — ATTACHMENT OF
PLEDGED PROPERTY — ESTOPPEL.— In an action of replevin against a
sheriff, an answer which alleges justification under writs of attachment
and execution, and avers that the levy was made in sole reliance upon
the statement of the plaintiff that he held possession of the property
as the pledgee of the execution debtor, who was the owner thereof, suffi-
ciently pleads an estoppel under section 1962, subdivision 3, of the Code
of Civil Procedure; and the plaintiff, upon such facts being proved, is
estopped from denying the truth of the statements made by him, and
from setting up title to the property in any one but the execution debtor.

APPEAL from a judgment of the Superior Court of Stan-
islaus County.

The facts are stated in the opinion.

*P. J. Hazen*, and *Wright & Hazen*, for Appellant.

The essential elements of estoppel—lack of knowledge
and means of knowledge, on the part of the defendant, of
the facts, and an intent to deceive, or culpable negligence,
on the part of the plaintiff, amounting to fraud — are
lacking, and the judgment based upon the estoppel is
erroneous. (*Martin* v. *Zellerbach*, 38 Cal. 316; 99 Am. Dec.
365; *Brant* v. *V. & I. Co.*, 93 U. S. 326; *Montgomery* v.
*Keppel*, 75 Cal. 128; 7 Am. St. Rep. 125; *Griffeth* v. *Brown*,
76 Cal. 260; Civ. Code, sec. 1709; Code Civ. Proc., sec.
1962.)   To support an estoppel, it must appear that the
party relying on the estoppel must have been injured
by the representations.   (*Dewey* v. *Field*, 4 Met. 381; 38
Am. Dec. 376; *Henderson* v. *McMahill*, 75 Iowa, 217; 9
Am. St. Rep. 472; *Lewis* v. *Prenatt*, 24 Ind. 98; 87 Am.
Dec. 321; *Phillipsburg Bank* v. *Fulmer*, 31 N. J. L. 52; 86
Am. Dec. 193.),

*W. E. Turner*, for Respondent.

A party will, in general, be estopped from denying the
truth of his own admission which influenced the conduct

of another, when such conduct would operate to the injury of the latter (*McCabe* v. *Raney*, 32 Ind. 309; *McClellan* v. *Kennedy*, 8 Md. 230; *Wannell* v. *Kem*, 57 Mo. 478; *Bales* v. *Perry*, 51 Mo. 449; *Martin* v. *Zellerbach*, 38 Cal. 314; 99 Am. Dec. 365; *Hefner* v. *Vandolah*, 57 Ill. 521; 11 Am. Rep. 39); or to allow him to assert what his previous conduct and admissions have denied, when on the faith of that denial others have acted. (Herman on Estoppel, secs. 733, 764, 776, 779, 789; *Simpson* v. *Pearson*, 31 Ind. 1; 99 Am. Dec. 577; *Douglass* v. *Scott*, 5 Ohio, 195; *Mitchell* v. *Reed*, 9 Cal. 204; 70 Am. Dec. 647; *Dezell* v. *Odell*, 3 Hill, 218; 38 Am. Dec. 628; *Stephens* v. *Baird*, 9 Cow. 273; *Gaff* v. *Harding*, 66 Ill. 61; *Roe* v. *Jerome*, 18 Conn. 138; *Dresbach* v. *Minnis*, 45 Cal. 223; *Horn* v. *Cole*, 51 N. H. 287; *Quirk* v. *Thomas*, 6 Mich. 76; *Bleven* v. *Freer*, 10 Cal. 172; *Steele* v. *Adams*, 21 Ala. 534; *Guthrie* v. *Quinn*, 43 Ala. 561; *Hefner* v. *Dawson*, 63 Ill. 403; 14 Am. Rep. 103; *Plant* v. *Voegelin*, 30 Ala. 166; *Rose* v. *Hurley*, 39 Ind. 77; *Brooks* v. *Martin*, 43 Ala. 360; *Pierce* v. *Andrews*, 6 Cush. 5; 52 Am. Dec. 748; *Cont. Bank* v. *Bank of Com.*, 50 N. Y. 575.)    Even if Barnhart had been ignorant as to the true ownership of the grain, still, his declaration, positively made, as to Davis being the owner would act as an estoppel. (*Sweezey* v. *Collins*, 40 Iowa, 540; *Calhoun* v. *Richardson*, 30 Conn. 210; *Smith* v. *Newton*, 38 Ill. 230; *Odlin* v. *Gove*, 41 N. H. 465.)

Fitzgerald, C. — This is an action brought by plaintiff against the defendants to recover the possession of 4,255 bags of wheat, alleged to have been wrongfully and unlawfully taken by the defendants from the possession of plaintiff, or for the sum of $8,260, the alleged value thereof, in case delivery cannot be had, and for the further sum of $2,000 as damages for the detention thereof.

The answer specifically denies the material allegations of the complaint, and justifies under writs of attachment and execution.

Plaintiff demurred, generally, to the answer, and sep-
arately, upon the same ground, to that part of it setting
up matter by way of an affirmative defense.   The demur-
rer was overruled, and the case tried by the court with-
out a jury, and judgment rendered in favor of plaintiff
in the sum of $2,540 and costs.  This appeal is taken
by plaintiff, on the judgment roll alone, from that part
of the judgment which denies to him a portion of the
relief claimed and demanded by him in this action.

The case has been here before on appeal, and is re-
ported in 73 California, 526.  All the questions necessary
to the decision of the case were there decided, and are now
the law of the case, with the single exception of the mat-
ter by way of estoppel *in pais*, pleaded for the first time
in the answer as amended, after the case was reversed
on the former appeal, but which was sought to be proved
and was relied upon as a defense at the previous trial.

As to whether the matter set up by way of estoppel
was necessary to be pleaded, we are not called upon, in
view of the amended answer, to decide.  But this court,
on the former appeal, considered and disposed of the ques-
tions of estoppel raised by the evidence in the case, and
relied on as matters of defense, against the objections
made and urged by plaintiff, upon the ground that such
defense was not available because it was not set up in
the answer.

The facts necessary for a proper understanding of the
case as now presented for decision are, substantially, as
follows: In November, 1878, H. O. Matthews and his wife
commenced an action in the district court of Stanislaus
County, against one J. T. Davis, to recover on his promis-
sory note made in their favor for three thousand five
hundred dollars.  After the filing of the complaint, a
writ of attachment was issued at their instance against
the property of Davis, and placed in the hands of the de-
fendant Fulkerth, the sheriff of the county, who executed

the same by levying upon and taking into his possession, as the property of Davis, the wheat in controversy.

This wheat was, at the time of the levy, in the possession of the plaintiff, Barnhart, as pledgee, to whom it had been previously delivered, by transfer and indorsement of the warehouse receipt, by Davis, as collateral security for the payment of the sum of two thousand five hundred dollars theretofore loaned by him to Davis.

Immediately upon the service by the sheriff of a copy of the attachment and the notice in writing usual in such cases upon the plaintiff, Barnhart, he, Barnhart, in answer thereto, and in response to inquiries made at the time by the sheriff and the attorney of Matthews and wife, claimed and represented to them that he held possession of the wheat as pledgee of Davis; that Davis was the owner thereof, and that all he wanted was his money. The object of this inquiry, as the plaintiff knew, and in response to which he made the foregoing statement, was for the purpose of ascertaining whether Davis was the owner of the wheat in question, and whether it was subject to be levied upon as such.

The sheriff then immediately tendered to plaintiff, in manner and form as required by law, the sum of two thousand six hundred dollars, which sum was in excess of the amount due. This, after admitting its sufficiency, Barnhart refused to accept. The sheriff then deposited the money with the county treasurer to the order of plaintiff, and notified him to that effect, but plaintiff gave him notice that he would not accept it.

The sheriff and the attorney of Matthews and wife having no knowledge differing from the representations and information given by the plaintiff in relation to the ownership of the wheat in question, and believing and relying solely thereon, as plaintiff knew they would, the sheriff then, in obedience to the instructions of the attorney of Matthews and wife, given after the money tendered

was deposited with the county treasurer to plaintiff's order, and immediately preceding the levy, executed the writ of attachment by levying upon and taking into his possession, as the property of Davis, the wheat in controversy, which he afterwards placed in the possession of his co-defendant, Perley, for the safe-keeping and protection thereof.

After this action was commenced, and during the detention of the property in question by the sheriff under the writ of attachment, Matthews and wife recovered judgment against Davis for the amount claimed, with interest and costs, and thereupon execution was duly issued and levied by the defendant Fulkerth, as sheriff, upon this wheat as the property of Davis, and he sold 250 tons of it, leaving twenty-five tons, which he released from execution, notifying plaintiff at the time thereof. After the sale, defendant Fulkerth again tendered to plaintiff the full amount due from Davis, which he refused to accept. The defendant Fulkerth then withdrew the deposit from the county treasurer, and placed it in a solvent bank, but in his own name, where he has ever since kept it, with the full knowledge of the plaintiff, and being at all times ready and willing to pay it over, with interest up to the date of the tender.

It further appears that the plaintiff applied for and received from Davis other security, which was amply sufficient to pay Davis's indebtedness to him, and that the wheat which is the subject of this action was not the property of Davis at the time he delivered the possession of it to plaintiff.

These are, substantially, the facts as shown by the findings, and as none of the evidence taken at the trial was brought up by the record, they must be presumed to be supported by the evidence.

The questions in relation to the ownership of the grain and the sufficiency of the tender were settled adversely to plaintiff by the decision of this court on the former

XC. CAL.—11

appeal, so that they are not now proper subjects for discussion. This case is therefore narrowed down to the question whether the plaintiff is estopped from denying the truth of the statements intentionally and deliberately made by him to the defendant Fulkerth and the attorney of the attaching creditors, which he led them to believe were true, and upon which belief they acted solely in making the levy referred to.

It is contended by appellant that the demurrer should have been sustained, on the ground that the matter of estoppel relied on as a defense is not sufficiently pleaded in the answer; and further, that neither the pleadings nor findings are sufficient to support the judgment based upon an estoppel.

Section 1962, subdivision 3, of the Code of Civil Procedure, provides: " Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it."

Conceding, but not deciding, that this estoppel is embraced within that class of estoppels *in pais* necessary to be pleaded, we are of opinion that the answer is, in all respects, sufficient, and that the matter pleaded by way of estoppel meets fully the requirements of the above section of the Code of Civil Procedure. We think the demurrer was properly overruled.

Mr. Justice Thornton, who delivered the former opinion in this case, uses the following language with reference to the question of estoppel involved here: "We do not think this estoppel made out, for the reason that it does not appear that the levy was made in sole reliance upon the statements made by Barnhart."

The amended answer avers, among other things, by way of estoppel, and the court so finds, " that the levy was made in sole reliance upon the statement of the plaintiff, Barnhart."

As the estoppel herein was sufficiently pleaded, and the findings follow and support the allegations of the pleadings, we are of the opinion that the plaintiff is estopped from denying the truth of the statements out of which this action arose, and which were made by him at the time and under the circumstances referred to; also, from setting up title to the property in question in any one but Davis; and further, that the judgment based thereon, and upon which this appeal is taken, should be affirmed, and we so advise.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.