[Civ. No. 1820. Third Appellate District.—July 23, 1918.]

## J. H. TUCKER, Respondent, v. T. B. HAGERTY, as Constable, etc., Appellant.

CLAIM AND DELIVERY—DAMAGES—USABLE VALUE OF PROPERTY.—In an action for the wrongful detention of property, the ordinary measure of damages is interest, but where the property has a usable value which exceeds the lawful rate of interest, such rule has no application, and the successful party is entitled to recover, as damages for the detention, the value of such use during the period that he was wrongfully deprived thereof, which value is to be estimated by the ordinary market price of the use of the property.

ID.—RECOVERY OF POSSESSION OF AUTOMOBILE—WRONGFUL SEIZURE BY OFFICER—RENTAL VALUE AS DAMAGES.—In an action in claim and delivery to recover the possession of an automobile wrongfully seized by an officer under a writ of attachment, the trial court is authorized under section 667 of the Code of Civil Procedure to fix damages for detention on basis of rental value, although it amounts to more than the value of the machine.

APPEAL from a judgment of the Superior Court of Sacramento County. Chas. O. Busick, Judge.

The facts are stated in the opinion of the court.

Shelley & Johnston, for Appellant.

Frank A. Prior, for Respondent.

CHIPMAN, P. J.—Plaintiff brings the action in claim and delivery. In his amended complaint he alleges that defendant is the duly elected, qualified, and acting constable of Sacramento Township, Sacramento County, and that, on the twentieth day of July, 1917, as such constable, defendant wrongfully took possession of a certain automobile under a writ of attachment, in a certain action, pending in said township, wherein Vina Hall is plaintiff and P. A. Smittcamp and Sadie M. Smittcamp are defendants; that, on July 21, 1917, plaintiff "made a verified demand upon said constable for the release of said automobile from the lien of said attachment, and of the said automobile so attached aforesaid by defendant, but defendant then and there failed, refused, and neglected and ever since has failed, refused, and neg-

lected to release said attachment, or said automobile, and the possession of said automobile is wrongfully held by said defendant''; that plaintiff at all the times mentioned in said complaint has been, and still is, the owner and entitled to the possession of said automobile; that the value of said automobile is $650, and that ''plaintiff purchased said automobile from Sadie N. Smittcamp and Alice Tanner on the nineteenth day of June, 1917, and paid therefor the sum of $350''; that plaintiff paid one Mrs. Hall the sum of $125 to discharge a lien held by her on said automobile; that plaintiff has expended the sum of $153.75 for necessary tires and other equipment of said automobile; that the rental value of said automobile is $10 per day. The prayer is for possession, ''or for its value if delivery cannot be had, with damages for the detention of said automobile, and for costs of suit.'' The complaint is duly verified.

Defendant, in his answer, justifies under the attachment referred to in the complaint; denies plaintiff's alleged ownership or right of possession; denies that plaintiff made demand for the release of said attachment; ''denies that the value of said automobile is the sum of $650,'' but does not aver the value; denies that plaintiff purchased the automobile from the persons as alleged or for the sum as alleged ''or any other sum''; admits the payment of $125 to Mrs. Hall as alleged, but denies that it was secured by lien on said automobile; denies that plaintiff has expended the sum of $153.75 for repairs or otherwise on said machine, or any sum whatever; denies that the rental value of said automobile was $10 per day ''or any other or greater sum than four dollars per day.''

The cause was tried by the court without a jury. By a minute order the court ordered judgment in favor of plaintiff for the return of the automobile, ''or in lieu thereof, plaintiff is to receive the sum of $450 from defendant as the price of said automobile, and it is further ordered that plaintiff do have and recover from defendant damages for the detention of said automobile at the rate of five dollars per day from the twenty-first day of July, 1917, to the date hereof, amounting to the sum of $585.'' Findings were waived and judgment was entered in accordance with said minute order.

Notice of motion for a new trial was served and filed and at the hearing the court, on December 3, 1917, ordered that the "motion will be granted unless plaintiff files in court his written consent within five days to accept four dollars per day as damages in lieu of the damages heretofore ordered." Such consent was duly filed, December 8, 1917, but the motion for a new trial was not denied until December 31, 1917. Defendant served notice of appeal, December 12, 1917, from the order made on December 3, 1917, and from the judgment, but did not appeal from the order of December 31, 1917, denying motion for a new trial. There is no bill of exceptions or statement in support of the motion. The case is here on the judgment-roll alone and without findings of fact, which were waived.

The only question presented by appellant relates to the measure of damages. His contention is that damages for the detention of the property, in the absence of circumstances of aggravation or malice, "is legal interest on the value of the property detained, within a reasonable time after the property was taken."

The judgment is "that plaintiff have and recover of said defendant the sum of four hundred fifty dollars the value thereof; and that plaintiff do have and recover of said defendant damages for the detention of said automobile at the rate of five dollars per day from the 21st day of July, 1917, to the date hereof (November 15, 1917), amounting to the sum of five hundred eighty-five dollars, together with plaintiff's costs."

Respondent's contention is that appellant is seeking to apply the rule in conversion, whereas "in an action for claim and delivery the rule is different, the plaintiff is entitled to judgment for possession of the personal property, or the value thereof, and damages for the detention, which damages for the wrongful detention may be fixed by the court in a certain sum."

It is quite clear that the court fixed the damages on the basis of the rental value per day of the automobile. The admission of defendant justifies the fixing of this value at four dollars per day, but it does not necessarily admit that it was the proper measure of damages in the case.

The ordinary measure of damages for the wrongful detention of property is interest. Where, however, the property

has a usable value which exceeds the lawful rate of interest this rule has no application. In such a case the successful party is entitled to recover, as damages for the detention, the value of such use during the period that he was wrongfully deprived thereof. And this value is to be estimated by the ordinary market price of the use of such property. (34 Cyc. 1562–1564.) There are exceptions to this rule, but as there is neither evidence nor finding from which it may be ascertained whether or not the case falls within any of the exceptions, we must apply the rule as above stated.

It is to be observed that we have a statute specifically defining the measure of damages in actions for the conversion of personal property, viz.: "The value of the property at the time of the conversion, with the interest from that time, or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party." (Civ. Code, sec. 3336.) The rule in claim and delivery (or replevin) is as follows: "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention." (Code Civ. Proc., sec. 667.)

The reason for the rule in replevin is that interest or the value of the property does not furnish adequate compensation for the wrongful detention. In some of the cases it is correctly said that the wrongdoer who had had the use of the property would make a profit out of his own wrong, which the law does not tolerate; and that it would deny to a plaintiff damages which naturally and certainly follow from a wrongful invasion of his rights. In the notes to the text (34 Cyc. 1563) the rule as above given is shown to have been applied in the case of household furniture; to buggies; boats; milk cows; threshing-machines, in the latter case holding that "the measure of damages for such detention is the fair rental value of the machine, less the damages which would result to it from the extra wear and tear caused by the use of it while so rented." (*Peerless Machine Co.* v. *Gates,* 61 Minn. 124, [63 N. W. 260].)

The reason for the distinction between trover or conversion and replevin is well stated in *Farrar* v. *Eash,* 5 Ind. App. 238, [31 N. E. 1125]: "In replevin plaintiff never

ceases to claim the property as his own, but seeks to obtain it rather than its value. In such case plaintiff, being entitled to the use of the property of which he has been unlawfully deprived, and not having waived the title thereof, has a right to recover the value of such use in damages. In trover, on the other hand, plaintiff concedes a change of title by the act of conversion and recognizes ownership in defendant. In that case damages for detention are waived, and it would be absurd to give plaintiff compensation for the use of the property." (34 Cyc., *supra.*)

It may be that damages which cannot be ascertained with reasonable certainty, or which are contingent or speculative, cannot be allowed in an action of replevin. But here we have a distinct claim in the complaint for the rental value, $10 per day, for the machine, and a denial that the rental value was any greater than four dollars per day. We must assume that there was sufficient evidence to support the judgment upon this issue of rental value as being the damages for the detention. There is nothing so startling in the fact that the rental value allowed by the court amounts to more than the value of the machine as to compel a reversal of the judgment.

We have examined the cases cited by appellant in support of his contention. He cites also section 3336 of the Civil Code, which, as we have seen, by its terms is made applicable to cases of conversion. Some of the cases cited by appellant were in conversion; others were in trespass. *Phelps* v. *Owen,* 11 Cal. 25, grew out of an attachment and subsequent sale of the property (stock of goods). The complaint in the action claimed no other damages than for the taking and *conversion.* The rule in that case was held to be that which governs in trespass where the levy by the sheriff was made without any motive of oppression, or wanton disregard of the duties of his office, or the rights of the owner. The rule there was the value of the property with interest. *Dorsey* v. *Manlove,* 14 Cal. 553, was a case where the sheriff seized certain three horses and sold them to satisfy an assessment for state and county taxes. The action was in trespass. The plaintiffs were allowed to prove that they sustained, in addition to the loss of the property taken, certain injuries resulting consequentially and witnesses were allowed to testify to the amount of the damages. The defendant justified as

sheriff, but the trial court excluded from the jury all evidence relating to the assessment on the ground that the assessment was illegal. This placed the defendant before the jury in the position of a naked trespasser and the result was a verdict for plaintiff for two thousand dollars in damages. The value of the horses taken was $350. On appeal the judgment was reversed and the rule in *Phelps* v. *Owen, supra,* was held applicable. Obviously, these cases do not govern the present case. *Page* v. *Fowler,* 39 Cal. 412, [2 Am. Rep. 462], was an action in claim and delivery for certain hay which plaintiff sold after getting possession under the writ. He failed in the action to establish his right to the hay, and, of course, defendants were entitled to recover the value of the hay taken and disposed of by plaintiff. It was sold in San Francisco, in 1863, at $12.50 per ton, the highest price that could have been obtained. The market value of the hay was two thousand five hundred dollars. Defendants were allowed to prove that hay had sold during the year 1864 for $40 per ton, and the trial court instructed the jury that they might find the highest market value, since the hay was taken by the plaintiff, with interest. The jury brought in a verdict for $25,763.23. The trial was in November, 1869, six years after the taking. The judgment was reversed. The opinion is by Mr. Justice Temple and presents a very full analysis of the cases. The rule deduced was "that in cases affecting property of fluctuating value, where exemplary damages are not allowed, the correct measure of damages is the highest market value within a reasonable time after the property was taken, with interest compounded from the time such value was estimated." The opinion states: "We are not called upon to inquire whether a different measure of damages should be adopted where the property has been retained and can be returned in specie."

*Freeborn* v. *Norcross,* 49 Cal. 313, was claim and delivery, and the appeal was on the judgment-roll alone. The jury rendered a verdict for the value of the property, with "legal interest" thereon from the time of the seizure by the sheriff to the date of the verdict; and damages in the sum of $50. At that time section 200 of the Practice Act authorized the recovery of damages for the detention of personal property, as section 667 of the Code of Civil Procedure now does. It was held that plaintiff could not recover both interest and

damages; that interest is given in such case as damages and, if allowed in addition to a gross sum for damages, it would amount to double damages. The cause was remanded with directions to modify the judgment "so that plaintiff shall recover the sum of $375, with interest thereon (the rate specified in section 1920 of the Civil Code) from the date of the judgment." Why the court allowed interest instead of the $50 as the damages does not appear. Nor does the case decide that damages other than interest, if proven, may not be allowed. The evidence was not brought up. The report of the case is brief and it does not appear whether the interest allowed was more or less than the gross damages of $50.

In *Kelly* v. *McKibben,* 54 Cal. 192, interest was allowed in the judgment upon the value of the property from the time it was taken from the possession of defendant. The court said: "As no other damages for the detention are found or included in the judgment, we think that such interest may be regarded as damages for such detention. (*Freeborn* v. *Norcross,* 49 Cal. 313.)" Upon rehearing the court pointed out the distinction between common-law actions of *detinue* and *trover,* holding that in replevin damages were given under section 667 of the Code of Civil Procedure and not under section 3336 of the Civil Code. (See *Harris* v. *Smith,* 132 Cal. 316, [64 Pac. 409]; *Hickey* v. *Coschina,* 133 Cal. 81, [65 Pac. 313]; *Morris* v. *Allen,* 17 Cal. App. 684, [121 Pac. 690].)

*Livestock Co.* v. *Union etc. Co.,* 114 Cal. 447, [46 Pac. 286], was an action in replevin. The trial court found that "the plaintiff has not suffered any damages by reason of the detention of said personal property nor have the defendants been guilty of oppression, fraud, or malice." Plaintiff was allowed the value of the property with costs of suit. Plaintiff moved for a new trial, which was granted, and defendant appealed. The record showed without conflict that plaintiff had been damaged in a very considerable sum. The motion was granted on the ground that the evidence was insufficient to justify the decision. The supreme court, in affirming the order, said: "Under such proof (oppression, fraud, or malice) plaintiff might have been awarded exemplary damages (Civ. Code, sec. 3294), but without it was entitled to such damages as would compensate him for all

the detriment proximately caused by the wrong complained of. (Civ. Code, sec. 3333.)''

We think the trial court was authorized to fix the damages for the detention of the property, under section 667 of the Code of Civil Procedure, on the basis of the rental value.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.