[Civ. No. 3137. First Appellate District, Division Two.—December 24, 1919.]

DARIO L. GHIO, Respondent, v. JOHN C. CLINE, Sheriff, etc., Appellant.

[1] CLAIM AND DELIVERY — REPRESENTATIONS AS TO OWNERSHIP OF PROPERTY—RELIANCE UPON BY CREDITORS—ESTOPPEL.—Where a son, the owner of certain property, represents that his father is the actual owner thereof, these statements being made for the purpose of obtaining credit and extension of time upon the indebtedness of the father, but neither such credit nor extension of time is obtained by reason of such statements, and such statements are not made with the intention of inducing the creditors of his father to levy attachments on the property, and such creditors, though having the means of knowledge thereof, make no inquiry or effort to determine the matter of ownership, such son will not be estopped from claiming the property and damages for its detention.

[2] ID.—RENTAL VALUE—MEASURE OF DAMAGES.—In the absence of any other showing, rental value of property is the measure of damages for its wrongful detention.

———

1. Value of use as measure of damages recoverable by successful party in replevin, notes, Ann. Cas. 1914A, 378; Ann. Cas. 1917B, 1068.

Damages recoverable for wrongful levy of attachment, note, Ann. Cas. 1915B, 1219.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Curtis D. Wilbur, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Wm. Tomsky for Appellant.

C. W. Pendleton and Carter & Torchia for Respondent.

NOURSE, J.—This is an appeal from a judgment against the defendant, the sheriff of Los Angeles County, in an action of claim and delivery for the recovery of a fishing boat and equipment, held by the sheriff under a writ of attachment.

The facts are that the boat, which was built and equipped at Sausalito, was sailed to San Pedro harbor by the father of plaintiff, where it was used for fishing purposes, partly by the father, but chiefly by the plaintiff.  The father was indebted to three different persons who each assigned their claims to Rauer's Law & Collection Company, a corporation, for collection.  This company commenced three separate actions in the superior court of Los Angeles County against both father and son.  Three separate writs of attachment were issued, and the sheriff, acting under the instructions of the company, attached and took into his possession the boat with its equipment.  A third party claim was filed by the son, who, some eight months thereafter, commenced this action.  In the attachment suits referred to judgment went against the father, but the son obtained a judgment of nonsuit in his favor in each case.  In this proceeding judgment was rendered in favor of plaintiff for the return of the property attached or its value, which was fixed at two thousand dollars, and for damages for the detention and deterioration, fixed at $884.  It was found that all the property had been delivered to the plaintiff immediately after the action was commenced except one dragnet, the value of which was found to be ninety dollars, and judgment was given for this amount in addition to the two thousand dollars found to be the total value of all the property taken.

By way of defense the sheriff relied upon the estoppel of plaintiff to claim the property and damages arising out of his statements, made to the assignors of the attaching credi-

tor, that the father was the actual owner of the boat. The trial court found that these statements had been made for the purpose of obtaining credit and extension of time upon the indebtedness of the father, but that neither such credit nor extension of time was obtained by reason of the statements. It also found that they had been communicated to the attaching creditor, that it relied upon them when the instructions were given to the sheriff to levy the attachments, but that such statements were not made by plaintiff with the intention of inducing the defendant or the attaching creditor to levy the attachments on the property.

On this appeal appellant assigns as error the conclusion of the trial court that the respondent was not estopped to claim ownership of the property or damages for its detention by reason of these misstatements. Two decisions of the supreme court of this state are cited by appellant in support of his position upon the defense of estoppel. The first, *Mitchell v. Reed,* 9 Cal. 204, [70 Am. Dec. 647], was an action against a constable for the loss of a stock of liquors sold by him under a writ of attachment. The plaintiff Mitchell was a merchant engaged in the sale of groceries and liquors. He was also a Son of Temperance, and for that reason had repeatedly denied that he dealt in liquors, stating that the stock in his store was the property of his clerk, who sold them on his own account. These declarations coming to the attention of a creditor of the clerk, he sued out an attachment and had the liquors attached and sold as the property of the clerk. Mitchell obtained judgment against the constable in the court below, which was reversed by the supreme court upon the ground that the intention with which the declaration was made was not material, but that if the declarations had been acted upon by another to his detriment, the party guilty of the misrepresentation was thereafter estopped to unsay what he had before said. Though this case has not been directly reversed or modified by the supreme court, there can be no doubt that it is contrary to the great weight of authority upon the doctrine of estoppel. Subdivision 3, Section 1962, of the Code of Civil Procedure, in enumerating the presumptions which are deemed conclusive, provides: "Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot,

in any litigation arising out of such declaration, act, or omission, be permitted to falsify it.'' Though this was not intended to be a statement of the doctrine of estoppel, it does in many respects follow the rule which is supported by the great weight of authority as to the elements of that defense.

Thus, in *Barnhart* v. *Fulkerth,* 90 Cal. 157, [27 Pac. 71], an action for replevin and damages for an unlawful attachment brought on behalf of the true owner of the property, the supreme court held that the plaintiff was estopped from claiming the property because of his misrepresentations as to ownership, made to the sheriff immediately prior to the levy of the attachment. In that case it appeared that the plaintiff, knowing that an action had been instituted and that the sheriff was about to levy an attachment upon the property, stated that the property belonged to the defendant in the attachment suit and that he, the plaintiff, held a chattel mortgage on it. Acting upon these representations, and without further inquiry, the sheriff levied the attachment. Thus, by his own declaration, the plaintiff ''intentionally and deliberately led another to believe a particular thing true, and to act upon such belief,'' and the case came clearly within the provisions of section 1962.

The elements present in the Barnhart case are not found here. **[1]** The misrepresentations as to ownership were made by respondent for the purpose of obtaining credit and extension of time upon the indebtedness of his father. The court found that neither the credit nor extension of time were obtained by reason of the misrepresentations alone. Respondent had no knowledge of a contemplated suit against his father or of an attachment against the property. These suits were all instituted long after the false representations were made. Thus, though the representations were falsely made for the purpose of working a fraud, the object was not obtained; and, though the attaching creditor relied upon these misrepresentations when it instructed the sheriff to attach the property, it did so at its peril, because it was at all times able to make inquiry as to the fact of ownership and to ascertain the truth of the statements, but it made no effort to do so. In the Barnhart case the sheriff himself was at the time making investigation as to the ownership of the property and was justified in relying upon the statements

then made to him by Barnhart with the knowledge that on the basis of such statements the property would be immediately attached. In the Mitchell case the misstatements had been frequently made, were intended to be general, and thus became matters of common knowledge.

The trial court having found that the objects for which the false representations were made were not obtained, and that they were not made for the purpose of inducing the attaching creditor to levy the attachment, and that the attaching creditor made no other inquiry or effort to determine the matter of ownership, having the means of knowledge thereof, its conclusion that respondent was not estopped from claiming the property correctly followed.

[2] As to the matter of damages for the wrongful detention, the testimony was confined to the rental value of the property. Though the respondent testified that he knew nothing about the rental value "because all of the boats go on shares," there was some testimony which tended to support the finding of the court that the rental value of the property taken was ninety dollars a month. The defendant offered no evidence on this branch of the case. Rental value is the measure of damages in replevin in the absence of any other showing. (*Tucker* v. *Hagerty,* 37 Cal. App. 789, [174 Pac. 908].)

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.