[Civ. No. 3146. Second Appellate District, Division One.—February 5, 1920.]

## LOS ANGELES FURNITURE CO. (a Corporation), Respondent, v. H. A. HANSEN, Appellant.

[1] Claim and Delivery—Unlawful Detention of Furniture—Pleading—Damages—Nonpayment Implied.—In an action of claim and delivery to recover possession of certain furniture, the plaintiff having alleged "that defendant, without the consent of plaintiff, now detains said personal property from the possession of the plaintiff to its damage" in a stated sum, "the value of the property," and a further stated sum per month, "the reasonable usable value of the said property," from a given date, "as damages for the detention thereof," a further allegation that such damages had not been paid is not necessary, such a condition being implied from the allegations made.

[2] Id.—Reasonable Usable Value of Property — Computation of Damages—Judgment.—While damages may be awarded to compensate a person entitled to the possession of personal property for the time that it shall be unlawfully detained by another, and the reasonable value of the use of such property constitutes a proper measure of damages in an action in claim and delivery to recover personal property unlawfully detained, it is not within the power of the court in determining such damages to provide that the same shall continue to accumulate at a specified monthly rate (based on the reasonable usable value of the property) after the date of the judgment.

[3] Sales—Reservation of Title—Right to Retake Possession.—
The seller of personal property under a conditional sales contract
has the right to retake possession of the property sold upon the
default of the purchaser where the title to the property is re-
served until all payments have been made, notwithstanding that
prior to such default the purchaser has paid a part of the purchase
price.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Frank G. Finlayson, Judge. Modified
and affirmed.

The facts are stated in the opinion of the court.

F. E. Davis for Appellant.

Horace S. Wilson for Respondent.

JAMES, J.—This action was one of claim and delivery
by which recovery of possession of a certain lot of furni-
ture was sought to be secured. The judgment was in
favor of plaintiff and defendant has appealed.

[1] The complaint was in the usual form appropriate
to the character of the action and contained all the essential
allegations. Demand for possession was alleged to have been
made on the fourth day of May, 1917; that possession
was refused to be delivered to the plaintiff by the defendant,
and the value of the property was alleged to be the sum
of one thousand five hundred dollars. By an amendment
made to the complaint the following allegation was added:
"That defendant, without the consent of plaintiff, now de-
tains said personal property from the possession of the plain-
tiff to its damage in the sum of one thousand five hundred
dollars, the value of the property, and the further sum of
one hundred dollars per month, the reasonable usable value
of the said property, from the said fourth day of May, 1917,
as damages for the detention thereof."

It is first contended that the complaint failed to state
a cause of action because it was not in terms alleged that
the damages had not been paid. We think that an express
allegation of nonpayment of the damages accruing subse-
quent to the time that the detention of the property became
unlawful was not necessary, and that such a condition would
be implied from the allegations made.

[2] The second point urged is that the court by its judgment awarded damages in excess of those permitted by law, when it included the following term in the judgment: ''The additional sum of ninety dollars per month from the fourth day of May, 1917, damages for the unlawful detention of said furniture, until said property is delivered to the plaintiff or the value thereof paid.'' In the findings of fact it was determined that ninety dollars per month was ''the reasonable usable value of the said property.'' That damages may be awarded to compensate the person entitled to the possession of personal property for the time that it shall be unlawfully detained by a defendant, is not and cannot be disputed. That the reasonable value of the use of the personal property is a proper measure in particular cases to be applied, we think also must be affirmed. However, we do not believe that it lies within the power of the court in determining such damages to provide that the same shall continue to accumulate at a monthly rate after the date of the judgment, and for that reason we are of opinion that the judgment is in part erroneous. The unauthorized provision, however, may be stricken out without impairing the judgment in its determinative effect upon all material issues involved.

Several other points are made in the brief of appellant: He contends that a sale upon credit of the merchandise claimed was shown by the evidence, and that it was not made to appear that any right was reserved in the plaintiff to retake possession of the articles of furniture. On the part of the plaintiff it was shown that, after some negotiation with the defendant as to articles desired by the latter and as to their price, the defendant came to the place of business of the plaintiff and there signed the document, which was in form a lease contract and which provided that for the use of merchandise not described in the writing itself defendant was to pay the total rental of one thousand six hundred dollars, five hundred dollars of which was to be paid on or before the sixteenth day of December, 1916, and one hundred dollars on the twelfth day of each and every ''following month.'' At the time this writing was signed all of the merchandise desired by the defendant had not been collected together; some of it, it appears, had not been made, and when the lot was completed a list thereof was attached to the

lease contract. It was admitted by the defendant at the trial that he had received all of the goods described in the list attached to the lease. His counsel objected, however, to the introduction of the document designated as a lease on the ground that it was incomplete, and objected to the attached list being received in evidence, for the reason that it was not made a part of the alleged contract at the time of its execution. The writing was executed as evidence of the terms of an agreement then made respecting the property which was to be delivered by the plaintiff to the defendant. It was competent evidence to show the assent of the defendant to those terms and conditions. There was no uncertainty made by the evidence as to an understanding of what merchandise was intended to be covered by the contract. As before mentioned, defendant at the trial admitted that he had received all of it. **[3]** The fact that prior to the time when default occurred in the making of the payments under the lease contract the defendant had paid to the plaintiff the sum of six hundred dollars is made the basis for the argument further advanced by the appellant that the plaintiff could not retain the money of the defendant and recover possession of the property itself or its value. Conceding the contract to represent in legal effect a conditional sale, the right of the plaintiff to retake possession was not only covered by the express terms of the contract, but the fact that title was reserved in the plaintiff until all payments had been made would give such a right, irrespective of an agreement expressed to that effect. (*Liver* v. *Mills et al.,* 155 Cal. 459, [101 Pac. 299]; *Van Allen* v. *Francis,* 123 Cal. 474, [56 Pac. 339].) The case cited by appellant on the proposition (*Muney* v. *Brain,* 158 Cal. 300, [110 Pac. 945]), is not in point, for in that case the seller sold pledges held as security and applied the proceeds on the alleged purchase price and also sued to retake the property itself. The court there said, and, of course, very properly, that in cases under such contracts the seller could affirm the right of the buyer to the possession and sue for the purchase price, or retake possession and relinquish claim to the unpaid price, but that both remedies were not open to him. The principal dispute between the parties at the trial seems to have been over the price of the merchandise, the contention of the defendant being that the

agreed price was less than that claimed by the plaintiff. The court, however, resolved the disputed questions in favor of the plaintiff, and as there was a conflict in the evidence, the trial court's determination thereunder was final.

A careful consideration of each of the questions raised by the appellant leads us to the conclusion that the judgment should not be disturbed, except in that part where damages to accumulate after the date of the judgment are provided for.

The judgment is modified by striking from that portion which reads, "the additional sum of ninety dollars per month from the fourth day of May, 1917, damages for the unlawful detention of said furniture, until said property is delivered to the plaintiff or the value thereof paid," the words embraced in the last clause, to wit: "until said property is delivered to the plaintiff ·or the value thereof paid"; as so modified the judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.