[Civ. No. 4076. Second Appellate District, Division One.—February 2, 1923.]

CHARLES SWAIN, Appellant, v. THE LOS ANGELES MORRIS PLAN COMPANY (a Corporation), et al., Respondents.

[1] ATTACHMENT — ACTION FOR DAMAGES — PLEADING — DIFFERENT CAUSES OF ACTION IN SAME COUNT.—A complaint in an action for damages for the wrongful issuance of a writ of attachment which sets up in the same count a cause of action for malicious attachment and a cause of action upon the contract undertaking given upon the attachment is subject to demurrer on the ground that the causes of action are not separately stated.

[2] ID.—ACTION ON ATTACHMENT UNDERTAKING—PLEADING—DEMAND—NONPAYMENT.—A cause of action on an attachment undertaking

is insufficient in the absence of an allegation of a demand upon the plaintiff in the attachment suit for the payment of the damages or that such damages are unpaid.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. Crawford for Appellant.

O'Melveny, Millikin & Tuller, Paul Fussell and Walter H. Sprague for Respondents.

JAMES, J.—Plaintiff brought this action to recover a large sum of money as damages which he alleged he had been made to suffer through the acts of the defendants. The demurrer of the defendants to the third amended complaint of the plaintiff was sustained. Plaintiff declined to amend, whereupon judgment was rendered against him. Plaintiff appealed.

All of the damages alleged to have been sustained by the plaintiff were attributed to the alleged wrongful issuance of a writ of attachment in a civil action brought by the first-named defendant against the plaintiff. Defendants Workman and Cottle were sureties on the undertaking given to secure issuance of the attachment writ. The demurrer of the defendants assigned: First, the general ground that sufficient facts were not stated in the complaint to constitute a cause of action; second, "that several causes of action are purported to be set forth and are not separately stated, in that said complaint attempts to state in one and the same count a cause of action for malicious attachment and a cause of action upon an undertaking in attachment"; third, that there was a misjoinder of parties defendant. [1] The complaint was so clearly vulnerable to the attack that different causes of action were attempted to be stated in the same count that but brief attention need be given to the other grounds assigned. In the complaint it was first alleged that an action was brought in August, 1921, against the plaintiff by the corporation defendant for the principal sum of $495 and that in the complaint it was alleged that the corporation held a certificate of deposit as collateral security for pay-

ment of the debt; it was next alleged that defendant Workman made an affidavit in which he falsely alleged that the payment of the debt mentioned had not been secured by any lien upon personal property and that said affidavit was filed in the office of the clerk of Los Angeles County; that an attachment bond or undertaking was given with defendants Workman and Cottle as sureties, guaranteeing that, if the attachment should be discharged on the ground that plaintiff "was not entitled thereto under section 537," plaintiff would pay all damages which the defendant in that suit might sustain by reason of the attachment; that the attachment was, upon motion of the defendant made upon the ground that the writ "was improperly issued," discharged on the 31st of August, 1921. The complaint further showed that after the issuance of the attachment, certain property of the plaintiff here had been taken in charge by the sheriff under the writ, and certain credits had been levied upon. Plaintiff then alleged that in the making and filing of the affidavit and undertaking, and the causing of the attachment to be issued and levied, "the defendant corporation and said Workman and Cottle did so with the intent and design to injure the plaintiff in his good name for honesty and in his good business reputation among his friends and business associates," etc., and that he was so injured and damaged to the amount of $5,000. Particular items of damage were further set forth, as to the value of the use of the attached property ($135) and expenditure for attorney's fees of the sum of $75. The allegations of the complaint show that the plaintiff was attempting to recover both upon the contract undertaking given upon the attachment as well as for the malicious procuring and levying of a writ of attachment. He not only particularly alleged the falsity of the statement in the affidavit that the alleged attachment debt was not secured by a lien upon property, but the amount of his damages were many times in excess of any possible penalty under the bond, considering the sum sought to be recovered in the attachment suit. And yet we find in appellant's reply brief the statement that he is not claiming that a cause of action for malicious attachment was stated, for he says: "We could not maintain such an action, as the action of the respondent corporation against the appellant has not

been tried nor has it abated. (*Vesper* v. *Crane,* 165 Cal. 36 [L. R. A. 1915A, 541, 130 Pac. 876].)''

Appellant's objection that the ground of demurrer referred to was not stated in the exact language of subdivision 5 of section 430 of the Code of Civil Procedure, in that the demurrants refer to the causes of action as being ''purported'' is highly technical and not entitled to serious consideration. Assuming that the different causes of action were such as might be joined in the same suit, respondents were entitled to have them separately stated instead of being commingled and confused as they were in the pleading demurred to.

[2] The cause of action on the attachment undertaking, separately considered, was insufficient, as it was not alleged that there had been demand made on plaintiff in the attachment suit for payment of the damages, or that such damages were unpaid. (*Morgan* v. *Menzies,* 60 Cal. 341; *Curtiss* v. *Bachman et al.,* 84 Cal. 216 [24 Pac. 379].)

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.