[Civ. No. 2638. Third Appellate District.—December 11, 1923.]

WILLIAM DUNLOP, Respondent, v. GEORGE A. H. FARMER et al., Appellants.

[1] ATTACHMENT—SUIT ON BOND—DEMAND FOR PAYMENT—PLEADING. In an action against the principal and sureties on an attachment bond for damages for wrongful attachment of an automobile, although the complaint is defective in that it fails to allege a demand upon the principal for payment of the alleged damage or that the same had not been paid, and general demurrers to such complaint are erroneously overruled, the judgment in favor of plaintiff will not be reversed on appeal because of such error, where the evidence shows that payment was demanded before the action was commenced, and defendants were not deceived or misled by the imperfections of the pleading.

[2] ID.—OWNERSHIP OF AUTOMOBILE—EVIDENCE—FINDING—APPEAL.— In such action, the trial court having found that plaintiff, and not his mother, was the owner of the automobile, and the evidence upon that issue having been conflicting, the finding in favor of plaintiff cannot be disturbed on appeal.

[3] ID.—MEASURE OF DAMAGES—EVIDENCE—JUDGMENT.—In such an action, the proper measure of damages is the reasonable value of the use of the property during the period of detention; but where plaintiff has shown the necessity for the use of an automobile in his business and the amount he actually paid out for the hire of automobiles to use in place of the one under attachment, and the trial court has awarded approximately one-half of such amount for the deprivation of the use of the machine, it cannot be said there has been a miscarriage of justice.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge. Affirmed.

The facts are stated in the opinion of the court.

Max B. Jamison for Appellants.

C. W. Braswell for Respondent.

FINCH, P. J.—The defendant Farmer, in an action brought by him against plaintiff, caused an attachment to be levied on an automobile belonging to the latter. At the time of the issuance of the attachment Farmer, as principal,

and defendants Reed and Davis, as sureties, entered into an undertaking in the sum of $500 to the effect that "if said defendant recovers judgment said plaintiff will pay all costs that may be awarded to the defendant, and all damage which he may have sustained by reason of said attachment, not exceeding the sum of five hundred ($500.00) dollars." Dunlop was given judgment in that action and the automobile was restored to him. Thereafter this action was commenced to recover damages in the sum of $500, the plaintiff alleging that he had been damaged in the sum of $1,814 by reason of the wrongful attachment but praying for recovery of $500 only. Plaintiff was given judgment for $500 and costs of suit. From this judgment defendants appeal.

[1] The original complaint did not allege that a demand had been made on Farmer for payment of the alleged damages or that the same had not been paid. The defendants filed general demurrers to the complaint and the same were overruled. The undertaking on the part of the sureties was that the plaintiff in the attachment suit would pay the damages sustained by reason of the attachment and the complaint, as against the sureties, was defective for failure to allege a demand made on Farmer or that the alleged damages were unpaid. The foundation of the suit against the sureties was the breach of the obligation of the plaintiff in the attachment suit to pay such damages and the breach should have been alleged. (3 Cal. Jur. 555; *Atlas Development Co.* v. *National Surety Co.,* 190 Cal. 329 [212 Pac. 196]; *Swain* v. *Los Angeles Morris Plan Co.,* 60 Cal. App. 667 [213 Pac. 703].) By amended complaint, filed by permission of the court after the close of plaintiff's case, the plaintiff alleged that no part of the damages claimed had been paid but did not allege a demand for payment. The evidence shows that payment was demanded before the action was commenced. An examination of the transcript on appeal in the case of *Atlas Development Co.* v. *National Surety Co., supra,* shows that the plaintiff therein did not allege a demand for payment or that the damages claimed had not been paid. A general demurrer was interposed and overruled. There, as here, the defendant answered, denying the alleged damages, and at the trial endeavored to show that the plaintiff had suffered no damage by reason

of the attachment. The court said: "The defendant was not deceived or misled by the imperfections of the pleading, and under the oft-cited sections of the Code and Constitution, no miscarriage of justice having resulted, the error should be disregarded."

[2] Appellant contends that the evidence shows that the plaintiff was not the owner of the automobile attached. Plaintiff testified that he purchased it for $420 on the monthly payment plan making an initial payment of $215, and that he borrowed $75 from his mother with which to make the final payment and gave her a bill of sale of the automobile as security for the money borrowed, but that he did not deliver the machine to her and that she never had possession of it or any interest in it. After the levy of the attachment the mother made a demand upon the sheriff for the possession of the automobile under a claim of ownership. One witness testified that, at the time the attachment was levied, the plaintiff stated that the automobile belonged to his mother. Under the foregoing conflicting evidence the finding of the trial court that plaintiff was the owner of the automobile cannot be disturbed on appeal.

[3] The only other ground for reversal urged by appellant is that there was no competent evidence to show the reasonable value of the use of the automobile during the time it was held under attachment. The complaint alleges that such value was $2.50 a day. The automobile was held by the sheriff for twenty-three months. The court found that the plaintiff suffered damage in the sum of $250 by being deprived of the use of the automobile during the time it was held under attachment. In addition, the court found that plaintiff was damaged in the sum of $306 for money actually and necessarily paid out by reason of the attachment. There is no contention that the plaintiff was not entitled to recover such additional sum. Deducting the $306 from the $500 for which judgment was given, it appears that plaintiff was given judgment for the value of the use of the automobile in the sum of only $194, or at the rate of less than $8.50 a month. At the trial there appeared to be some confusion as to the measure of damages for deprivation of the use of the machine. It has often been held that the proper measure of damages in such cases is the reasonable value of the use of the property during the

period of detention. (*Atlas Development Co.* v. *National Surety Co., supra; Nahhas* v. *Browning,* 181 Cal. 55 [6 A. L. R. 476, 183 Pac. 442]; *Taylor* v. *Bernheim,* 58 Cal. App. 404 [209 Pac. 55]; *Blodgett* v. *Rheinschild,* 56 Cal. App. 728 [206 Pac. 674]; *Los Angeles Furniture Co.* v. *Hansen,* 46 Cal. App. 5 [188 Pac. 292]; *Ghio* v. *Cline,* 45 Cal. App. 262 [187 Pac. 433]; *Tucker* v. *Hagerty,* 37 Cal. App. 789 [174 Pac. 908].) Apparently with this rule in mind counsel for plaintiff propounded the following question to the plaintiff while on the witness-stand: ''What would you consider was a reasonable value for the use of that machine for the 23 months that it was held under attachment by the sheriff in that particular action?'' Counsel for defendants objected to the question. After a long colloquy between the court and counsel for the respective parties, but without any definite ruling on the objection, counsel for plaintiff, at the suggestion of the court, proceeded to prove plaintiff's necessity for the use of an automobile in his business and the amount he actually paid out for the hire of automobiles to use in place of the one under attachment. This proof shows that plaintiff was compelled to pay out a total of $350 to $400 for the hire of such automobiles. Evidence of a like character has been held sufficient to support a judgment for the reasonable value of the use of an automobile during its detention under attachment. (*Taylor* v. *Bernheim, supra.*) In view of the small amount awarded for the deprivation of the use of the machine, being less than thirty cents a day, it cannot be said that there has been a miscarriage of justice.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 6, 1924.