[Civ. No. 4819. Second Appellate District, Division Two.—February 27, 1928.]

FRANCES D. WEBB, Respondent, v. M. J. BRANDEN-STEIN & CO. et al., Appellants.

Ernest M. Torchia for Appellants.

C. H. Hartke for Respondent.

VALENTINE, J., *pro tem.*—This is an action for damages for conversion of an automobile. Judgment was ren-

dered for plaintiff against the defendants M. J. Brandenstein & Co., a copartnership, and M. J. Brandenstein, Edward Brandenstein, and Manford Brandenstein only for the sum of $600. These defendants appeal from the judgment.

On or about August 5, 1921, the defendants M. J. Brandenstein & Co. (herein called the company) and the plaintiff (who was then in their employ as a coffee saleswoman) entered into the following agreement:

"Agreement

"Agreement between M. J. Brandenstein & Company, San Francisco, Cal., party of the first part, and herein called Company, and Mrs. Frances D. Webb, Los Angeles, Cal., party of the second part;

"Witnesseth:

"Whereas said Frances D. Webb was advanced the sum of eight hundred forty-five & 74/100 dollars ($845.74) toward the purchase of a new 1921 Ford coupe, numbered 5146917;

"And whereas said Frances D. Webb desired to purchase the above automobile from said company for the sum of eight hundred forty-five & 74/100 dollars ($845.74);

"Now, therefore, it is agreed between the parties herewith as follows:

"Said company agrees to sell to said Frances D. Webb and said Frances D. Webb agrees to purchase said automobile and accessories for the sum of eight hundred forty-five and 74/100 dollars ($845.74), payable as follows:

"In monthly payments of thirty-five dollars each; said sum of thirty-five dollars ($35.00) to be deducted from salary check on the end of every month, commencing with August 31, 1921, while said Frances D. Webb remains in the employ of said company, and until entirely paid up.

"In addition to said purchase price, said Frances D. Webb agrees to pay for all accessories for said automobile during its life and to pay for all insurance thereon. Upon payment in full of said purchase price and all sums of money which may be due from said Frances D. Webb to said company for insurance, etc., the title to said automobile shall vest absolutely in said Frances D. Webb, but until the payment of such sums of money as aforesaid, the title to said automobile shall remain in and be the property of said company.

"If said Frances D. Webb desires to pay the balance of said purchase price prior to the expiration of this agreement, the company hereby grants such privilege, and upon the payment in full of any balance due the company, the automobile will become the property of said Frances D. Webb.

"Executed in duplicate this fifth day of August, nineteen hundred and twenty-one.

"M. J. BRANDENSTEIN & CO.,
"By MIGNACCO.
"FRANCES D. WEBB."

The whole question on this appeal is: Was the plaintiff in default under the terms of this agreement at the time defendants took the automobile? The plaintiff was discharged from the employment of the company in December, 1921, at which time she was handed a statement of her account with the company, which was introduced in evidence, as follows:

"Frances D. Webb Auto.

| | | | |
|---|---|---|---|
| Aug. 9 | Ford Purchase .......... | 845.74 | |
| Aug. 15 | By cash ............... | | 10.00 |
| Aug. 31 | " " ............... | | 72.50 |
| 31 | " " ............... | | 27.50 |
| 31 | " " ............... | | 35.00 |
| Sept. 30 | " " ............... | | 35.00 |
| Nov. 30 | " " ............... | | 62.50 |
| Dec. 15 | " " ............... | | 62.50 |
| | | | 340 |
| Dec. 7 | Insurance—4 Mos......... 42.00 | | |
| | By debit balance........ | 557.82 | |
| | | 887.82 | 887.82" |

She retained possession of the car thereafter and used it in her own affairs until February, 1922, when, after an accident, she left it in the repair department of the Dunham Agency, where the defendant company found and took possession of it, claiming the right to do so under the terms of the contract.

Appellants contend that at this time plaintiff was in default. The trial court found that the plaintiff had been in

the lawful possession of said automobile during the entire period from August 5, 1921, up to and including March 18, 1922. There is no specification that this finding is not supported by the evidence, and we might feel justified in declining to consider it except that its determination may dispose of most if not all of appellants' other contentions.

Appellants argue that the proper construction of the contract is that plaintiff was obliged to pay $35 each month, regardless of whether she paid more in any one month. Respondent's contention is that she was only chargeable with $35 each month, starting August 31, 1921; that the car was taken by the appellant company March 18, 1922, and that the total amount of the payments made by her to March 18, 1922, was $340.

The court examined the plaintiff about the circumstances of the months when she paid more than $35:

"The Court: Let me see that statement. 'August 9'; 'August 15, $72.50; August 31, $27.50; August 31, $35; August 31, $35'; three payments on August 31st, how did that occur? A. I had $135 coming to me in August.

"Q. And you told them to apply all of that on the machine? A. Yes.

"Q. What about the November 30th, $62.50; how did they happen to credit that instead of $35? A. On December 1st I was discharged. I had that amount of salary coming to me and I allowed them to apply that on the automobile account.

"Q. That is, you had $62.50 coming to you as salary? A. Yes.

"Q. And you told them to apply that? A. Yes."

There was also conflicting evidence as to whether plaintiff should be charged with certain items of insurance before she had completed the payments on the car. Plaintiff introduced a letter from appellants to respondent as follows:

"These two policies the total premium charged to you amount to $126.25 will be paid in the course of the next month, and we shall charge it to your automobile account and will be deducted from your salary check after you have cleared off the indebtedness now shown there for the purchase of this machine. We trust that our explanation of the manner in which these forms of insurance operate will be

fully understood by you and that you advise us in the near future which feature of collision you wish to carry."

The court found in favor of plaintiff and respondent, and construed the contract accordingly, and we think correctly.

It seems unnecessary to discuss at length other contentions of appellants. The only question presented on this appeal is the right of the plaintiff to immediate possession of the automobile at the time of the commencement of the action.

The action is purely a possessory action, and if the plaintiff was not in default under the agreement and therefore in lawful possession or entitled to possession of the automobile, the question of whether appellants had the equitable title or whether the plaintiff is estopped to deny that the company was the legal owner as urged by appellants are premature and immaterial here. (5 Cal. Jur., p. 163, and cases cited.)

Appellants contend that there was fraud on the part of respondent in that the money to purchase the automobile was advanced by the company to plaintiff to buy a new automobile and the one they took was a second-hand one. This contention appears not to affect the question whether appellants had the right to the possession of the car, but aside from the question of whether appellants had the right to raise this question until respondent was in default, again the evidence justifies the court's finding:

"Q. Did you purchase an automobile? A. I did.

"Q. From whom did you purchase it? A. Dunham Agency, the Ford Dunham Agency.

"The Court: You bought this car new, did you? A. Yes."

The registration certificate in evidence, dated August 4, 1921, shows: "Make—Ford. Engine No. 5146917," the same as in the agreement.

The only other specification of error by appellants is as follows:

"2nd. That the plaintiff cannot take advantage of her own fraud in not registering the automobile in the name of M. J. Brandenstein & Co. as the legal owners."

The mere statement of this proposition is its own refutation. Aside from the fact that there is no fraud shown,

as long as plaintiff was not in default, we find nothing in the contract obliging plaintiff to so register it.

Finally, appellants complain that the court made no finding on the affirmative defense. This was in substance that respondent was in default in her payments when the car was taken. No additional finding on this was necessary. (*Adams* v. *Anthony*, 178 Cal. 158 [172 Pac. 593]; *Los Angeles Furniture Co.* v. *Hansen*, 46 Cal. App. 5 [188 Pac. 292]; *Rogers-Lamb Co.* v. *Coast Securities Co.*, 58 Cal. App. 744 [209 Pac. 246]; *Hegler* v. *Eddy*, 53 Cal. 597; *Liver* v. *Mills*, 155 Cal. 459 [101 Pac. 299]; *Phillips* v. *Stark*, 65 Cal. App. 136 [223 Pac. 443]; *Tower* v. *Wilson*, 45 Cal. App. 123 [188 Pac. 87].)

Judgment affirmed.

Works, P. J., and Thompson, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 26, 1928.

All the Justices present concurred.