MITCHELL, J.
Appellant instituted a suit in the Colton Justice Court upon a promissory note for the sum of $297.42 dated October 19, 1954, in which appellant was named as payee and respondent as maker.
Respondent, in his answer, first denied the execution and delivery of the promissory note, then in his second defense he admitted signing the note but alleged that there was no consideration for the note—and that he signed it for the purpose of obtaining possession of certain personal property, belonging to him, of which appellant had possession.
Respondent also filed a cross-complaint for the recovery of $500 allegedly due to him from appellant.
The trial court gave judgment to appellant for the sum of $87:42..
The trial court arrived at this amount by crediting respondent with the sum of $10 for money loaned by respondent to appellant and by crediting respondent with an allowance in the sum of $200 for “damages” for “loss of income.”
We must conclude then that the trial court found in favor of appellant on the defenses raised as against the promissory note.
No appeal was taken by the maker of the note, hence no question relative to the note is presented to us.
Appellant .complains of the ruling of the trial court which credited respondent with the allowance of $200 for damages.
His complaint is good.
First: On September 17, 1954, respondent signed an agreement whereby he agreed to make restitution to appellant in the sum of $400 for money due to appellant from respondent. In this agreement respondent declared: “All my tools and équipment are the property of Oscar Hagele until this amount (above), is paid in full. Upon full payment tools and equipment will be returned to me. ’ ’
Five and one-half weeks later the agreement was modified and the then remaining indebtedness ($297.42) was represented by a promissory note for that amount.
This promissory note contained the following language: “All my mechanical tools and equipment remain the property of O. Hagele until note is paid in full, and are loaned to me. .'. .” This note was signed by the respondent.
The alleged detention of which respondent complained' was from September 8, 1954, to October 19, 1954. During that period of time the title to the property was in the appellant.
*947 Second: The measure of damages for the loss of the use of personal property is the reasonable value of the use thereof during the period of detention. This is not the measure used by the trial court or by respondent in his pleading. Dunlop v. Farmer, 64 Cal.App. 691 [222 P. 640].
Third: The parties agreed upon the amount of any credit or offset to which the respondent might be entitled when they settled the $400 obligation dated September 11, 1954, by crediting respondent with the sum of $102.58 and giving and accepting a note for $297.42 on October 19, 1954, which was over one month after the $400 amount was agreed upon.
The parties must be presumed to have arrived at the later sum after a full weighing of their respective demands.
The judgment is modified as follows: the appellant shall and does have judgment against the respondent for the sum of $287.42, principal; for the sum of $27.57, interest; for the sum of $50 as and for attorney’s fees; and for his costs.
Coughlin, P. J., and Hilliard, J., concurred.