A. M. STEVENSON *v.* JOSEPH SMITH AND E. S. CUSHING.

PLEADING SPECIAL DAMAGES.—When damages are special and do not necessarily accrue from the act complained of, the facts out of which they arise must be specially averred in the complaint or they cannot be recovered.

SPECIAL DAMAGES FOR DETENTION OF A MARE.—If the plaintiff, in an action to recover possession of a mare and damagas for her detention, claims damages because the animal has lost flesh in- consequence of having been kept upon short pasturage, and because she was detained during the breeding season, these facts must be specially averred as a ground of damages.

REVIEW OF ORDER DENYING COSTS.—An error of the Court in refusing to allow a party costs cannot be reviewed on an appeal from an order denying a new trial.

Appeal from the District Court, Second Judicial District, Tehama County.

The facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellant.

*W. S. Long*, for Respondents.

By the Court, SAWYER, J.

This is an action to recover a mare and colt seized by the defendant (Sheriff of Tehama County) under an attachment, and damages for their detention. Plaintiff recovered the property. Plaintiff moved for a new trial on the ground that certain special damages, claimed to have been proved, were not found for him. The motion was denied, and the plaintiff appeals from the order denying a new trial.

The appellant claims, that the evidence shows that the animals were placed by defendants in fields where the pasturage was poor, and that, in consequence of this act, they lost flesh and depreciated in value to the extent of five hundred dollars. Also, that the mare was a valuable brood mare, taken to Tehama County for the purpose of being bred to a particular horse, and that by reason of the taking and detention by defendants, the breeding season was lost, whereby a further damage was shown to have been sustained to the amount of five hundred dollars, and that the Court should upon the evidence have found these items of damage for plaintiff.

On examination of the pleadings, we find no averments in the complaint that would authorize the recovery of the items claimed. These damages are special, and the facts out of which they arise must be averred, or they cannot be recovered.

Mr. Chitty says : " Damages are either general or special. General damages are such as the law implies, or presumes to have accrued from the wrong complained of. Special damages are such as really took place and are not implied by law, and are either superadded to general damages arising from an act injurious in itself, as when some particular damage arises from the uttering of slanderous words actionable in themselves ; or are such as arise from an act indifferent and not actionable in itself, but only injurious in its consequences," etc. (1 Ch. Pl. 395.)

Again : " It does not appear necessary to state the former description of the damages in the declaration, because presumptions of law are not in general to be pleaded or averred as facts, etc. * * * But when the law does not necessarily imply that the plaintiff sustained the damages by the act complained of, it is essential to the validity of the declaration that the resulting damage should be shown with particularity. * * * And whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then in order to prevent surprise on the defendant which might otherwise ensue at the trial, the plaintiff must in general state the particular damage which he has sustained, or he will not be permitted to give evidence of it. Thus in an action of trespass and false imprisonment, where the plaintiff offered to give in evidence that during the imprisonment he was stinted in his allowance of food, he was not permitted to do so, because the fact was not, as it should have been, stated in the declaration ; and in a similar action it was held that the plaintiff could not give evidence of his health being injured, unless specially stated. So in trespass ' for taking a horse,' nothing can be given in evidence which is not expressed in the declaration, and if money was paid over in order to regain possession, such payment should be alleged as special damages." (Ib. 396.)

The complaint in this case only alleges the ownership of the animal, the value, the wrongful taking and detention, the demand and that plaintiff " has sustained damages by reason

of such wrongful taking and detention of said chattels and property in the sum of one thousand dollars."

From these facts alone, the law does not imply either of the items of damages claimed to have been proved. The first item is not even consequential upon any of the facts alleged, but results from other acts of defendants while the animals were in his possession. And the second item of damages would not necessarily result from a mere taking and detention. These damages depend upon an extraordinary value of the animal for a particular purpose, and upon the special use to which she was capable of being applied. The facts out of which these items of special damages arise must be alleged in the complaint, or they cannot be recovered. They are not alleged, and are, therefore, not embraced within the issues to be tried. For this reason, if for no other, the plaintiff is not entitled to judgment for such items of damages. There was, then, no error in not finding for plaintiff on these points.

The only other point made by appellant is, that the Court erred in not giving plaintiff costs. There is no doubt in our minds that the plaintiff was entitled to costs. But this error in no way affects the finding and is not a ground for new trial. The error cannot, therefore, be corrected on appeal from an order denying a new trial. The proper mode of reviewing and correcting this error is on appeal from the judgment, but no such appeal has been taken in this case.

Judgment affirmed.