[Civ. No. 876.  First Appellate District.—December 21, 1911.]

## R. H. MORRIS, Respondent, *v.* W. C. ALLEN and JOHN L. HOWARD, Jr., Appellants.

CLAIM AND DELIVERY FOR AUTOMOBILE—CONDITIONAL SALE—ATTACHMENT—JUDGMENT FOR PLAINTIFF—SUBROGATION TO RIGHTS OF VENDEES BEFORE ATTACHMENT UNTENABLE.—Where the plaintiff in an action of claim and delivery for an automobile had made a conditional sale thereof to two persons, reserving title until full payment, with a condition against attachment for the debts of either, and the defendants attached the same for a debt of one of them, and took possession thereof under the writ, and refused to deliver up the same on demand of the plaintiff, and pleaded full title in the attachment debtor, and made no offer to pay any part of the unpaid purchase money, and the plaintiff recovered judgment, it is held that there is no merit in the contention of defendants that by the judgment they should have been subrogated to the rights of the vendees against the plaintiff prior to the attachment.

ID.—DAMAGES FOR DETENTION—DEPRECIATION IN VALUE OF AUTOMOBILE —PROOF ADMISSIBLE UNDER GENERAL AVERMENT.—In the action of claim and delivery for the automobile under a general averment of damages arising from the unlawful detention thereof by the defendants, the plaintiff may prove the extent of its depreciation in value by reason thereof.  Such damage is not special in its nature, and need not be specially pleaded.

ID.—CONSTRUCTION OF CODE—DAMAGES FOR DETENTION DISTINCT FROM VALUE—GENERAL AND SPECIAL DAMAGES.—Under section 667 of the Code of Civil Procedure, when a delivery of the property cannot be had, the value of the property, and damages for detention are separate and independent items, and the damages which may be pleaded, proved and recovered for the detention may be general or special, or both.

ID.—GENERAL RULE AS TO DAMAGES—COMPENSATION FOR INJURY—DEPRECIATION IN VALUE A PROPER ELEMENT.—It is the general rule, where the plaintiff in an action for claim and delivery prevails, that even though the property has been delivered to him under the writ, he is entitled to a judgment not only affirming his right of possession, but awarding him as well such pleaded and proven damages as will compensate him for the injury sustained by the wrongful taking and detention, and fully indemnify him therefor; and where the property diminishes in value while it is wrongfully detained, the depreciation is a proper element of damages.

ID.—NATURE OF GENERAL AND SPECIAL DAMAGES—RELATION TO PLEADING—REASON FOR RULE AS TO SPECIAL DAMAGES.—General damages

are those which necessarily result from the act complained of, and may be shown in evidence under a general allegation of damages. Special damages are those which are the natural, but not the necessary, result of the act complained of, and not being implied by law, must be particularly pleaded and proved. The reason for the rule requiring special damages to be specifically pleaded is that the defendant may not be taken unawares; and it is obvious that when the source of the damage is the direct and necessary result of the act complained of, that rule cannot be invoked or applied.

ID.—NATURE OF DEPRECIATION IN VALUE OF AUTOMOBILES — GENERAL DAMAGES.—The manufacture of motor vehicles is largely in its infancy; and it is a matter of common knowledge that, by reason of the many changes and improvements that are made from year to year, an automobile manufactured in any one year necessarily decreases in value as a salable commodity with each succeeding year of its existence. This being so, damages for its depreciation in value by lapse of time is the direct and necessary result of the wrongful taking and detention of an automobile; and such damages were rightfully proven and assessed in this case under the general allegation of damages.

ID.—CONSTRUCTION OF JUDGMENT—AWARD OF DAMAGES FOR DETENTION DEPENDENT UPON DELIVERY.—It is held that a fair and reasonable interpretation of the judgment awarding damages for the detention of the property is that such award relates to and is dependent upon the execution of the clause awarding possession, which it appears was in fact received by the plaintiff, and that, so construed, the judgment meets the requirements of the pleadings, the proof and the law.

ID.—CONSTRUCTION AND EFFECT OF CONDITIONAL SALE — CONDITION AGAINST ATTACHMENT—RESTRAINT OF ALIENATION NOT INVOLVED.— Upon a conditional sale, where the title to the thing sold is, by the terms of the contract, reserved in the vendor until the purchase price is fully paid, no title passes to the vendee, notwithstanding delivery to him, until there has been a full performance of the condition of payment, and where the terms of the contract also contain a condition against attachment, such condition is obviously intended to protect the vendor's title against encroachment by the creditors of the vendee. Neither of such conditions is invalid, under section 711 of the code as imposing unlawful conditions restraining alienation, which applies only to cases where the title has passed.

ID.—DEFEASIBLE INTEREST OF VENDOR—POWER OF ASSIGNMENT OF CONTRACT—ABSENCE OF ATTACHABLE INTEREST.—The conditions against alienation by one who has no title and against attachment do not restrain the right and power of the grantee to alienate whatever rights he may have had in the contract itself. While it may be true that the vendee under a contract of conditional sale acquires a defeasible interest in the property sold which, before default, he

may sell or assign, nevertheless he has no attachable interest in the property until such time as he has fully complied with the condition as to payment of the purchase price.

APPEAL from a judgment of the Superior Court of Alameda County. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Olney, Pringle & Mannon, for Appellants.

Walter E. Rode, for Respondent.

LENNON, P. J.—This is an appeal upon a bill of exceptions from a judgment in an action of claim and delivery, wherein the plaintiff was awarded possession of a "Ford" automobile, or the sum of $600, the value thereof, in the event that a delivery could not be had, and damages for its detention in the sum of $250.

The pleadings and the evidence in the case show the undisputed facts, out of which the controversy arose, to be that Morris, the plaintiff, was on September 17, 1907, the owner of the car in dispute, and on that date, by a contract in writing, made a conditional sale of the same to F. J. Zajac and A. Korwin for the sum of $750. Of the purchase price $350 was paid in cash, and the balance was agreed to be paid in specified installments. It was further provided in the contract of sale that the vendees would not suffer the car to be attached, and that if it was attached, the vendee would immediately notify the vendor of that fact and procure a release of the attachment, and deliver the car to the vendor. Time was of the essence of the contract; and it was especially agreed that until all of the conditions of the contract were performed, the title to the property should remain in the vendor, and that if any of the covenants of the contract were broken by the vendees, the contract, at the option of the vendor, should terminate, whereupon the vendor would be permitted to retake the car, and all payments made and all payments due under the contract were to be applied and considered as rent.

On October 14, 1907, while the car was in the possession of Zajac and Korwin, and still subject to the terms and conditions of the contract of conditional sale, the defendant Howard

procured a writ of attachment to be issued out of the justice court, in an action instituted against Zajac alone, and the defendant Allen, as constable, and by virtue of the writ, levied upon and took possession of the car. Korwin's interest in the car was never attached or purchased by Howard. Neither Zajac nor Korwin procured a release of the attachment, and the balance due on the purchase price not having been paid or offered to be paid, either by the vendees or the defendants, the plaintiff demanded of the defendants, in a written, verified claim, which set out his title and the source thereof, that they deliver the car to him. Compliance with this demand was refused, and on March 7, 1908, plaintiff brought this action.

No claim was made upon behalf of the defendants that they had paid, or even offered to pay, to the plaintiff the balance of the purchase price due under the contract; and as their answer in effect repudiated the rights and title of the plaintiff by pleading that Zajac was the owner of the car by absolute purchase, there is no merit in the contention that the judgment of the lower court should have subrogated them to whatever rights the vendees had in the car prior to the levy of the writ of attachment. (*Liver* v. *Mills,* 155 Cal. 463, [101 Pac. 299].)

The plaintiff's complaint is in the form usually employed in actions of claim and delivery, and general damages only, in the sum of $300, for the wrongful taking and detention are pleaded and prayed for.

At the trial it was established without conflict or objection that at the date of the taking the value of the car was $600, but over the objection of the defendants the plaintiff, upon the issue of general damages, was permitted to testify that during the one year and six months the car was in the possession of the defendants it had depreciated in value to the extent of $400.

The defendants objected to this testimony solely upon the ground that it was immaterial; and it is now insisted that the ruling of the trial court was erroneous because, as it is claimed, the damages proved and recovered were special in their nature, and could not, in the face of the objection, be shown in evidence without being specially pleaded.

This contention cannot be maintained.   The plaintiff in an action for the recovery of personal property may have judgment for the possession of the property or for the value thereof, in the event that a delivery cannot be had, and damages for its detention.   (Code Civ. Proc., sec. 667.)   Under this section of the code the value of the property replevied and damages for its detention are separate and independent items, and the damages which may be pleaded, proven and recovered are general, or special, or both.   It is the general rule, where the plaintiff prevails, that even though the property has been delivered to him on the writ, he is entitled to a judgment, not only affirming his right of possession, but awarding him as well such pleaded and proven damages as will compensate him for the injury sustained by reason of the wrongful taking and detention.

While it is true, as suggested by the defendant, that the damages, either general or special, which a successful plaintiff may recover in replevin, must be connected with and incident to the possession of the property in dispute, it is equally true that the plaintiff must receive full indemnity for the injury he has sustained; and it necessarily follows that where the property sought to be replevied diminishes in value while it is wrongfully detained the depreciation is a proper element of damages.   (Wells on Replevin, sec. 535; Cobbey on Replevin, 853; 2 Sedgwick on Damages, sec. 536.)

General damages are those which necessarily result from the act complained of, and may be shown in evidence under a general allegation of damages.

Special damages are those that are the natural, but not the necessary, result of the act complained of, and not being implied by law, they must be particularly pleaded and proven.

That the defendant may not be taken unawares is the reason for the rule requiring the cause of a special damage to be specifically pleaded, and it is obvious that when the source of the damage is the direct and necessary result of the act complained of, the rule cannot be invoked or applied.   (*Stevenson* v. *Smith*, 28 Cal. 102, [87 Am. Dec. 107] ; *Treadwell* v. *Whittier*, 80 Cal. 579, [13 Am. St. Rep. 175, 22 Pac. 266, 5 L. R. A. 498].)   The manufacture of motor vehicles is still largely in its infancy; and it is a matter of common knowl-

edge that by reason of the many changes and improvements that are made from year to year an automobile manufactured and marketed in any one year necessarily decreases in value as a salable commodity with each succeeding year of its existence. This being so, damage from depreciation by reason of lapse of time was the direct and necessary result of the wrongful taking and detention in the case at bar, and was rightfully proven and assessed under the general allegation of damages. (2 Sedgwick on Damages, sec. 536; *Young* v. *Willet,* 8 Bosw. (N. Y.) 486.)

The case of *Stevenson* v. *Smith,* 28 Cal. 102, [87 Am. Dec. 107], is cited to the point, and strongly relied upon by the defendants, but nothing that is said there is opposed to the views here expressed. In that case the distinction which exists between general and special damages is clearly pointed out, and the rule of pleading applied when the latter form of damages is relied upon for the wrongful taking and detention of personal property. Beyond this the case affords no relief to the defendants, for it was there held that neither of the items sought to be proved necessarily resulted from the mere taking and detention of the property sought to be replevied, and that one of them was not even consequential upon any of the facts alleged in the complaint but resulted from other and independent acts of the defendant.

By the terms of the judgment the plaintiff was awarded the possession of the automobile or the value thereof, which was fixed at $600, in the event that a delivery could not be had. In addition, however, the sum of $250 as damages for the detention was awarded unconditionally, and the defendants now complain that if the judgment were to be executed as it is written, the plaintiff, in the event that the property could not be returned, would recover, in addition to the $350 previously paid on the purchase price, the value of the automobile, in the sum of $600, and $250 more for its detention.

Incidentally, it may be stated that the point immediately under discussion savors much of a moot question, for it was conceded by both parties at the oral argument that the judgment had been partially satisfied by a delivery of the automobile into the possession of the plaintiff under a writ of execution.

However that may be, if the judgment in question were not susceptible of a more liberal construction than that which the defendants here contend for, it would indeed require modification at our hands, for it would practically give the plaintiff $1,200 for property which was sold originally for $700. (Cobbey on Replevin, sec. 961; *Garrett* v. *Wood*, 3 Kan. 231.) Certainly no such result was contemplated by the trial court, nor would it be countenanced here.

While the judgment would have been free from ambiguity if the award of damages had been expressly made dependent upon the return of the property in suit, yet a fair and reasonable interpretation of the judgment warrants the conclusion that the award of damages relates to and is dependent upon the execution of the clause awarding possession. In brief, the sum and substance of the judgment is that, in the event a delivery cannot be had, plaintiff shall recover $600, the value of the automobile, but in case a delivery can be had, the plaintiff shall recover only $250 by way of damages for its detention. So construed the judgment meets the requirements of the pleadings, the proof and the law.

The defendants make their last stand upon the contention that the contract of conditional sale is void because the clause entitling the vendor to immediate possession of the property sold, if it be taken on attachment or execution, is repugnant to the interest created and in restraint of alienation.

This contention, it seems to us, is refuted by the very statement of the proposition upon which it is founded. Admittedly the contract of sale in the case at bar is conditional; and it is the settled law of this state that where, as here, title to the thing sold is, by the terms of the contract, reserved in the vendor until the purchase price is fully paid, no title passes to the vendee, notwithstanding delivery, until there has been a full performance of the condition as to payment. (*Putnam* v. *Lamphier*, 36 Cal. 151; *Vermont Marble Co.* v. *Brow*, 109 Cal. 236, [50 Am. St. Rep. 37, 41 Pac. 1031]; *Van Allen* v. *Francis*, 123 Cal. 477, [56 Pac. 339]; *Ward Land Co.* v. *Mapes*, 147 Cal. 747, [82 Pac. 426].) Section 711 of the Civil Code, which declares "that conditions restraining alienation, when repugnant to the interest created, are void," is but a codification of the ever-existing policy of the law declaring

void conditions accompanying the *absolute* transfer of property which attempt to restrain or restrict the subsequent sale thereof. To alienate property signifies its transfer, and implies the right by title to do so. Obviously a person without title to property cannot make a valid transfer of it; and as the vendees in the case at bar never had any title to the property in dispute, it cannot be said that the condition in the contract, which provided that the vendees would not permit the property to be attached, was repugnant to or in any sense in restraint of their right and power to alienate whatever interest or rights they may have had in the contract itself. While it may be true that the vendee under a contract of conditional sale acquires a defeasible interest in the property sold, which, before default, he may sell or assign, nevertheless he has no attachable interest in the property until such time as he has fully complied with the condition concerning payment of the purchase price. (Drake on Attachment, sec. 246; *Central Loan Co.* v. *Campbell Com. Co.,* 5 Okl. 396, [49 Pac. 48]; *McIver* v. *Williamson etc. Co.,* 19 Okl. 454, [92 Pac. 170, 13 L. R. A., N. S., 696].)

The condition in the contract in controversy which provides that the seller will not suffer the property to be attached manifestly was intended solely for the protection of the vendor's rights against the encroachments of the vendees' creditors, and it was no more a condition in restraint of alienation than was the condition that title should not pass until the payment of the purchase price.

The judgment appealed from is affirmed.

Hall, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 20, 1912.