[Civ. No. 5034.   Second Appellate District, Division Two.—December 13, 1928.]

M. C. HEFFNER, Appellant, v. C. E. JACKSON, Respondent.

Phil S. Gibson for Appellant.

V. F. Bennett for Respondent.

THOMPSON (IRA F.), J.—An action in claim and delivery was commenced by plaintiff against the defendant, as sheriff of Orange County, for the recovery of an automobile. Judgment went for the defendant and the plaintiff prosecutes this appeal from that judgment.

The following facts were stipulated to at the opening of the trial: L. J. Heffner purchased a Chevrolet automobile from the Taggart Motor Company on January 8, 1921, on a conditional sales contract, the monthly payments of which were $94.81. The contract was assigned to the Merchants Finance Company by the Taggart Motor Company. On December 6, 1921, the contract was assigned by the Merchants Finance Company to the plaintiff and appellant, who paid the finance company therefor an amount equal to the two payments which were to become due on December 8, 1921, and January 8, 1922, respectively. The plaintiff then offered in evidence the contract, which contained the following clause. " . . . in the event that the party of the second part shall become financially involved, or insolvent, all payments herein provided for shall be due and payable at once, or the party of the first part may immediately take possession of said property whenever and wherever found with or without process of law," etc., and also contained the usual stipulation in contracts of this character that title shall remain in the seller until all of the payments are made. An objection was interposed by respondent to this contract. On November 30, 1921, an at-

tachment was issued in an action by one F. L. Hinckley, as assignee of the Spreckles "Savage" Tire Company, against L. J. Heffner, by virtue of which writ the respondent attached and took into his possession the automobile in question. On December 9, 1921, the appellant served upon respondent a third-party claim. On December 20, 1921, L. J. Heffner filed a voluntary petition in bankruptcy and was shortly thereafter adjudged a bankrupt. On January 27, 1922, the automobile was delivered by the respondent to the trustee in bankruptcy without order therefor. In the meantime and on December 15, 1921, this action was commenced. Judgment on the pleadings in favor of plaintiff was entered on April 24, 1922, for the return of the car or for its value, which judgment was subsequently set aside by the trial court on its own motion. While this judgment was outstanding and on April 27, 1922, the trustee in bankruptcy secured an order from the referee in bankruptcy directed to the appellant, the respondent, F. L. Hinckley, and the Spreckles "Savage" Tire Company, commanding them to appear and show cause why the automobile should not be decreed to be property of the bankrupt estate. The appellant here made a motion to dismiss the proceedings before the referee as to her, on the ground that her rights had been determined by the judgment of the state court just mentioned. The referee made an order dismissing as to the appellant and adjudging that the respondent, Spreckles "Savage" Tire Company, and F. L. Hinckley did not have nor did any of them have any right or title to the automobile but that L. J. Heffner was the owner and entitled to possession. The respondent offered this order in evidence and an objection was interposed by appellant. The appellant then offered in evidence all of the proceedings before the referee in bankruptcy for the purpose of showing that they were not precluded of their rights and respondent interposed an objection. Evidence was adduced that the Spreckles "Savage" Tire Company tendered to appellant the payment due December 8, 1921, in sum of $94.81, which tender was refused. We have not said what disposition was made of the three objections interposed for the reason that they were all treated alike and disposed of by one order. When made, the court announced that it would reserve the ruling and on September 18, 1924,

and prior to judgment the trial judge made a written ruling sustaining each and every of the objections. The record was then left without evidence of the order of the referee in bankruptcy, or the proceedings before him, or the substance matter of the contract. The only evidence left was the stipulation, the tender and refusal, testimony relative to the condition of the automobile and its value, the fact that an attachment was run, and that L. J. Heffner was adjudged a bankrupt.

It is obvious under this state of the record that much of the argument of both appellant and respondent cannot be considered for the reason that it assumes testimony to be in evidence which is not. It is also apparent that a reversal must result. The foundation of appellant's claim to possession was the contract between the Taggart Motor Company and L. J. Heffner. Even assuming that there had not been an assignment or transfer of the certificate of registration in accordance with the provisions of the California Vehicle Act (Stats. 1923, p. 517), yet the contract and the stipulation that by assignment it had passed to appellant would under the authority of *Parke* v. *Franciscus,* 194 Cal. 284 [228 Pac. 435], establish a cause of action in claim and delivery in favor of plaintiff. The case just cited establishes the rule that the seller in a conditional sales contract of this character has such a property right as to entitle him to maintain the action. There is in the instant cause no question of estoppel such as was considered in the Parke case, nor the rights of an innocent purchaser intervening.

As is pointed out in *Bice* v. *Arnold,* 75 Cal. App. 629 [243 Pac. 468], the right of the conditional vendor is not a mere lien, but he retains title, and as the law was at the time, this attachment could not be levied. Section 689a of the Code of Civil Procedure, which was enacted in May, 1921, specifically provides that it only relates to the interest of the conditional purchaser under those contracts entered into subsequent to the time of the going into effect of the act. This contract was entered into before the section took effect and is therefore governed by the rule announced in *Morris* v. *Allen,* 17 Cal. App. 684 [121 Pac. 690], to the effect that a conditional purchaser acquires

no attachable interest. Therefore the respondent had no right of possession under the writ.

In view of the necessity for a new trial we must say something concerning the effect of the adjudication of bankruptcy and the order of the referee. In so far as the jurisdiction of the state court is involved we find the general rule stated in 4 Cal. Jur. 69, as follows: "When the state court assumes jurisdiction in a case in which it can completely determine the rights of the parties without interfering with the jurisdiction of the federal court, a plea of the pendency of bankruptcy proceedings is of no avail. Thus the court may settle property rights where it is alleged that the property involved never belonged to the bankrupt or to his estate, and therefore never passed to the trustee." To the same effect is Collier on Bankruptcy, twelfth edition, page 554. Had the trustee desired to defend on behalf of the bankrupt estate it was his duty to intervene. However, no personal judgment was sought against the bankrupt and therefore the presence of the trustee was not necessary to a complete determination of the controversy. (*Kritzer* v. *Tracy Engineering Co.*, 16 Cal. App. 287 [116 Pac. 700].)

Nor can it be successfully urged that appellant is estopped by appearing before the referee and asking that the order to show cause be dismissed against her on the ground that she had a judgment for the recovery of the automobile or its value. She did. The fact that it was subsequently set aside was the result of no action taken by her. She had a right at the time to rely upon the judgment and so expressed herself to the referee and no further.

Judgment reversed.

Work, P. J., and Craig, J., concurred.