YANKWICK, J., pro tem.
Plaintiff was in possession of an' automobile which he had purchased from Pegg Motor Sales, Inc., upon a conditional sales contract. Pegg Motor Sales, Inc., assigned the contract to Pacific Finance Company. On December 19, 1929, while the plaintiff still owed $75.92 upon said contract, the automobile was levied upon under a writ of attachment issued out of the Municipal Court of the City of Los Angeles. Pacific Finance Company interposed a third party claim in the above 'amount. They were paid said sum by the marshal, on behalf of the attaching creditor, Fletcher and Steele, a corporation.' Pacific Finance Company released the contract and certificate of ownership to the automobile to the marshal. Later, judgment for plaintiff herein was rendered in the action in which the attachment had issued and the automobile was *779 released to him. The plaintiff, still being in default of payments, Fletcher and Steele, attaching creditor, made demand of him for payment of installments due. These were refused. Demands by the defendant, to whom the attaching creditor later assigned its interest, were also refused. Following the refusal, the defendant took possession of the automobile. The action was in -replevin for the recovery of possession, or value, with damages for loss of use. There is no dispute about these facts which were stipulated to as just summarized. Judgment went against the plaintiff upon his complaint, the court also rendering judgment in favor of the defendant upon his cross-complaint for the installment due, $17.92, and attorney’s fees, in the sum of $90. The appeal involves the construction of sections 689a, 689b, 689c of the Code of Civil Procedure. These sections read:
“Personal property in possession of the buyer under an executory agreement for its sale entered into after this section goes into effect may be taken under attachment or execution issued at the suit of a creditor or of the buyer, notwithstanding any provision in the agreement for forfeiture in case of levy or change of possession.” (689a)
“The officer levying on such property must within five days after being served with a verified written claim containing a detailed statement thereof, pay or tender to the seller full payment of all sums due or to accrue to him under the agreement, above set-offs, with interest to date of tender. If not so tendered, the levying officer is not bound to keep the property; provided, however, that when an attachment or execution creditor presents to the officer, within the five days, a verified statement that the claim of title under the conditional sale is void or invalid for reasons therein specified, and delivers to the officer a good and sufficient indemnity bond in double the amount of the indebtedness claimed by the seller or double the value of the personal property as the officer may determine and require, the officer shall retain the property and in case of an execution sell it in the manner provided by law.
“The bond shall be made to both the officer and the seller, and shall indemnify them and each of them for the taking of property against loss, liability, damages, costs and counsel fees. Exceptions to the sufficiency of the sureties and *780 justification may be had and taken in the same manner as upon an undertaking on attachment.
“If the tender is refused, the amount thereof must be deposited with the county treasurer, payable to the order of the seller. Until such payment or deposit is made, or an undertaking delivered to the officer, the property cannot be sold under the levy; but when made and also in case the seller fails to render his claim for thirty days following the personal service upon him by the levying officer of a written demand therefor, which service must be attested by the officer’s certificate thereof, filed before the sale with the papers of the action wherein the attachment or execution was issued, then the title shall pass to the buyer and the property may be sold as in this chapter provided, free of all lien or claim of the seller.” (689b)
“When the property thus taken is sold under process, the officer must apply the proceeds of the sale as follows:
“1. To the repayment of the sum paid to the seller, or deposited to his order, with interest from the date of such payment or deposit.
“2. The balance, if any, in like manner as the proceeds of sales under execution are applied in other cases.” (689c)
Before the adoption of the sections just quoted, it was not possible to attach the interest of the vendee in a contract of conditional sale of personal property. (Morris v. Allen, 17 Cal. App. 684, 691 [121 Pac. 690]; Heffner v. Jackson, 95 Cal. App. 476, 479 [273 Pac. 37].) The object of these sections is to subrogate the attaching creditor to the rights, not of the vendor, but of the vendee. Upon payment of the money due to the seller, the title to the property passes to the buyer under the very wording of section 689b. (See Kinsey v. Ryan, 74 Cal. App. 567 [241 Pac. 282].) If judgment be in favor of the buyer, the writ becomes functus officio, and the buyer becomes entitled to the immediate possession of the property. (Kinsey v. Boyes, 86 Cal. App. 248, 255 [260 Pac. 834].) The effect of payment in full of the purchase price under a conditional contract of sale is to vest title in the buyer. No bill of sale is necessary to effect the transfer of title. And this is the result whether the payment be voluntary or through legal proceedings. (Arnois v. Bell, 70 Cal. App. 222 [222 Pac. 758].
*781 In case the attaching creditor succeeds in his action, provision is made to reimburse him for the money advanced, out of the proceeds of the sale of the attached property upon execution. If he is not successful, he has no remedy by way of enforcement of the contract. He cannot be said to have been deprived of any right, because he made the advance not for the benefit of his debtor, but for his own. (Carstenbrook v. Wedderien, 7 Cal. App. 465 [94 Pac. 372].)
The only theory upon which the judgment here rendered could be sustained is that the attaching creditor by paying the amount due under the conditional contract of sale became the assignee of the contract, and thus, acquired the rights of the seller herein. This theory is not tenable, because the sections under consideration and their history show that the attaching creditor succeeds to the rights of the buyer and not of the seller. The procedure is for the benefit of the attaching creditor, to enable him to sequester by attachment, interests of his debtor which could not, otherwise, be so sequestered. The remedy of attachment in this, as in all other cases, is optional with the seller. He need not avail himself of it. If he does, he runs the risk of losing the money advanced, unless it should be held that he could recover it upon a common count, as for money expended for the use or benefit of another. But here he cannot complain, as he need not have availed himself of the ancillary remedy of attachment. Or perhaps he can find some other way of protecting himself as in the case of one who pays to secure the release of a chattel mortgage in order to subject to levy. (See Flores v. Stone, 21 Cal. App. 105 [131 Pac. 348, 351, 352].) In any event, no provision is made in the sections mentioned for his reimbursement, in case his debtor is successful in defeating the action in which the attachment was sought. This may be regretted. But, it is just another instance where certain penalty may flow from the doing of a certain act. And so long as the act is one to which a choice attaches, there is no inherent injustice in the situation.
It should be added that the assignment of the contract to the defendant by Pacific Finance Company after judgment does not aid him. At the time it was made, the company had no interest in the automobile which it could assign.
*782 The judgment is reversed, and the cause is remanded for a new trial, with costs of appeal to appellant.
Shaw, J., concurred.