HILLIARD, J.
In this action the plaintiffs allege, by the first cause of action in their complaint, the purchase of a used 1950 Morris Minor automobile from defendant at a sales price in excess of the ceiling price fixed by the Office of Price Stabilization, and seek to recover treble the amount of alleged overpayment. In the second cause of action' in their complaint the plaintiffs allege that the purchase was induced by fraud *Supp. 832 ulent representations on the part of the defendant, and seek to recover damages therefor. Following entry of judgment by the trial court in favor of the defendant and adverse to plaintiffs upon each cause of action, and the denial of motion for a new trial upon the second cause of action, plaintiffs filed their notice of appeal.
Concurrently with the filing of such notice of appeal, plaintiffs also filed documents entitled, “The Proposed Settled Statement on Appeal” and “Notice of Election to Appeal on a Settled Statement.” Copies of the latter pleadings were served upon defendant’s counsel by mail on April 6, 1954. Apparently no further proceedings were taken in the trial court to perfect the record on appeal until May 26, 1954, when the judgment roll, papers, and records were transferred to this court.
Appellants’ “Notice of Election to Appeal” recites that such appeal is taken in accord with the procedural requirements of rule 7 of the “Rules on Appeal from Municipal Courts in Civil Cases.” Such rule provides for the serving and filing of a condensed statement, in narrative form, of pertinent portions of the oral proceedings, a filing by respondent of proposed amendments thereto; the settlement of the statement after notice and hearing by the trial judge, the engrossing of the settled statement by appellant; and the right of objection by respondent.
The proposed statement has neither been settled nor engrossed. The record before the court is, therefore, lacking in any authenticated or approved statement of the oral proceedings. Since the record on appeal has not been certified by the trial judge or the clerk, or stipulated to by the parties, it cannot be presumed to include all matters material to a determination of the points on appeal as provided by rule 21 as amended.
“The Proposed Settled Statement of Appeal” consists of generalities and conclusions. It would be impossible for this court to reach any decision concerning alleged errors in law in the rulings of the trial court upon the basis of such statement.
For the reasons herein set forth the appeal is dismissed.
Mitchell, J., concurred.
Coughlin, P. J., deeming himself disqualified, did not participate in this opinion.
A petition for a rehearing was denied August 19, 1954.