HILLIARD, J.
This is an appeal from a judgment in favor of defendant-respondent, and order which denied the appellant’s motion for new trial, in an action in conversion to recover possession of a Dodge pickup truck, or its value, together with damages for withholding of the vehicle.
The record contains a document entitled “Engrossed Settled Statement of Facts as Ordered by the Court.” Docket entries of the trial court indicate that notice of appeal was filed on December 12, 1957. Thereafter, a “Proposal of Narrative Statement” was filed on December 23,1957. This latter document is not included in the record on appeal, but we assume it is the notice of appellant’s desire to set forth the oral proceedings by a settled statement as required by rule 7 of the Eules on Appeal from Municipal Courts in Civil Cases.
On January 29, 1958, the docket discloses the filing of “Plaintiff’s proposed Statement of facts,” and thereafter, on February 13,1958, the filing of “Objections to Plaintiff’s proposed statement.” Neither of these documents have been included in the record on appeal, but it is apparent that they were considered by the trial court as the proposed statement of appellant, and respondent’s proposed amendments thereto. Hearing upon the objections was set for February 21, 1958, and the matter submitted for decision of the trial court at that time.
By minute order of March 4, 1958, the trial court ordered the proposed statement settled “as submitted by respondent,” and directed that the statement be engrossed by appellant as settled within 10 days from date thereof. Counsel for appellant then served and filed such engrossed statement of facts. No objections were interposed thereto by respondent, but the record discloses that the trial court has failed to certify the engrossed statement as required by rule 7.
Eespondent asserts this lack of certification is a fatal defect in the record on appeal.
The requirement of certification of the engrossed statement by the trial judge is mandatory unless the parties *Supp. 872 stipulate that the statement, as originally served or engrossed, is correct (rules 7 and 15 (d)), and this court has previously held that the lack of an engrossed or settled statement, and the failure of the trial court to certify the record on appeal, was a proper basis for dismissal of such appeal. (Smith v. Bering Monroe Motors, 127 Cal.App.2d Supp. 831 [272 P.2d 963]).
Appellant contends that the statement is properly settled, and is an adequate record without the necessity of certification. We cannot agree with this contention but believe the subject merits some brief discussion.
In the case now before this court for consideration, both appellant and respondent have substantially complied with the procedural requirements of rule 7. The defect in the record exists either as the result of failure upon the part of the clerk to present the engrossed statement to the judge for certification, or the neglect of the judge in this final step of authentification of the record. In the absence of objections to the engrossed statement, it is presumed to have been engrossed in accordance with the order of the trial judge. The lack of such certification requires that this Court, as a preliminary step to consideration of the appeal, should require that such certification be properly made. Pursuant to rule 12(b) of Rules on Appeal from Municipal Courts in Civil Cases, this Court, upon its own motion, has directed the trial court to certify the engrossed statement on appeal, and now expresses its opinion upon the questions of substantive law presented by the appeal.
A brief résumé of the facts is indicated.
Defendant-respondent in this action (hereinafter referred to as Solk) was the plaintiff in a prior and separate action in which the appellant (hereinafter referred to as Potter) was the defendant. Such action was instituted for the purpose of recovering a money judgment, and a writ of attachment was issued therein at the request of Solk. Pursuant to such writ the constable levied upon a 1955 Dodge pick-up truck owned by Potter. Third party claim was filed by Pacific Finance Company, as conditional vendor of the truck. Solk then tendered the balance due on the contract to the constable, who paid such amount to Pacific Finance Company, and the latter then executed a written assignment of the contract to Solk. Thereafter Solk instructed the constable to release the attachment. Written notice was given by the constable to each party of his intention to release the truck pursuant to *Supp. 873 such instructions. At the time and place specified in the notice, Solk alone appeared and took possession of the truck. Prior to this event Solk had notified Potter of his intention to release the attachment, asserted that he had been subrogated in the position of the conditional vendor, claimed default by nonpayment of installments under the contract, demanded payment of the balance due, and advised Potter that he would proceed to sale of the truck upon nonpayment of said balance.
Potter failed to make payment in accord with the demand and thereafter Solk sold the truck at private sale at a price which approximated the balance due on the contract.
This action in conversion followed, and Potter claims that the possession and sale of the truck by Solk was illegal for the following reasons :
(1) Payment of balance due under the contract, by tender to the constable, did not effect an assignment of the vendor’s rights to the attaching creditor;
(2) Provisions of section 689b, subdivision (6), Code of Civil Procedure are applicable only in the event the action proceeds to judgment in favor of the attaching creditor;
(3) Assignment of the conditional vendor’s interest, either by contract or by operation of law, after levy of attachment, subrogates the attaching creditor to the rights of vendee and not the vendor;
(4) Since the truck was in custodia legis it could not be sold except upon judgment or order of the court.
Prior to the amendment of Code of Civil Procedure, section 689.6 in 1949, the code specifically provided that, upon payment of balance on the contract “then the title shall pass to the buyer and the property may be sold as in this chapter provided, free of all lien or claim of the seller.”
The amendment of 1949 provided that “If the tender is accepted, all right, title and interest of the seller shall pass to the party to the action making the payment.”
This same provision was carried over in the redrafting of Code of Civil Procedure, section 689b, subdivision (6), and in the following language; “. . . if the tender is accepted, all right, title, and interest of the seller in the property levied upon shall pass to the party to the action making the payment. ’ ’
Counsel for appellant asserts that the payment by Solk to Pacific Finance Company of the balance due under the contract did not result in a subrogation to the vendor’s rights, and cites in support of his contention the ease of Casady v. *Supp. 874 Fry, 115 Cal.App.Supp. 777 [6 P.2d 1019]. That case, however, was decided prior to the 1949 amendment of Code of Civil Procedure, section 689.6, and the opinion of the court was manifestly correct under the law as it then existed.
Counsel for respondents contends that his client became subrogated to the rights of Pacific Finance Company upon payment of the balance due on the contract, and relies upon the ease of Flores v. Stone, 21 Cal.App. 105 [131 P. 348, 351, 352] (decided in 1913). While there may appear to be some similarity in the factual situation, that case is readily distinguishable from the case at bar. The Flores case involved the purchase and attempted foreclosure of a chattel mortgage by an attaching creditor after levy upon a part of the mortgaged property. It subsequently appeared that a substantial portion of the mortgaged property was exempt from levy of attachment or execution. The issues before the court related to the merging or waiver of liens, and extinguishment of the indebtedness. The case is authority for the proposition that the attaching creditor is not precluded from taking an assignment of the mortgage or the mortgage debt, and such action does not extinguish the debt nor constitute a waiver of the right of foreclosure.
We are here concerned with the interpretation of an express statutory provision which states that upon acceptance of payment all rights of the seller shall pass to the party making the payment. The sole purpose of such section is to effect a subrogation by the party making the payment to all rights of the vendor. Such rights necessarily include the right of repossession and sale of the property for default in the payment of installments due under the sales contract.
We may dispose of other contentions of appellant by noting that the law contemplates that such rights may be acquired while the property is in custodia legis and that no sale was attempted or accomplished by respondent until the vehicle had been released from the levy of the attachment.
The judgment and order denying new trial are affirmed.
Coughlin, P. J., and Mitchell, J., concurred.